UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AMY PHILPOT, et al.                                                                                           PLAINTIFFS

v.                                                                                  CIVIL ACTION NO. 3:08-CV-56-S

BEST BUY STORES, L.P., et al.                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiffs, Amy Philpot ("Philpot"), Naisa Morris ("Morris"), and Joshua Hill ("Hill") (collectively, "Plaintiffs") to remand this action to state court (DN 8). The defendants, Best Buy Stores, L.P. ("Best Buy"), and Best Buy managers, Regina Phillips ("Phillips"), and John Flannigan ("Flannigan") (collectively, "Defendants"), oppose remand and have filed a motion for judgment on the pleadings (DN 9). For the reasons stated below, the court will grant Plaintiffs' motion to remand. The court will deny Defendants' motion for judgment on the pleadings as moot.

Plaintiffs are former Best Buy employees. Plaintiffs allege that during their employment, they were falsely accused by Defendants of sexual misconduct after complaining about what they believed was wrongful discrimination by Best Buy against their supervisor. Upon complaining about the accusations made against them, Plaintiffs allege that they were terminated from their employment with Best Buy. After their termination, Philpot and Morris allege that they sought unemployment benefits by filing claims with the Kentucky Department of Unemployment Insurance. They allege that in an attempt to defeat their claims, Phillips and Flannigan appeared at their hearings and testified that they had engaged in sexual misconduct during their employment with Best Buy. Philpot and Morris also allege that during their employment with Best Buy they, and all other similarly situated female employees at their location, were paid less for performing the same work performed by males.

Plaintiffs filed suit against Defendants in Bullitt Circuit Court asserting state law claims for discrimination, retaliation, and defamation. Defendants removed the action to this court on the basis that this court has diversity jurisdiction under 28 U.S.C. § 1332(a), and the Class Action Fairness Act, 28 U.S.C. § 1332(d). The court does not find either to be a proper basis for jurisdiction in this case.

This court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiffs are Kentucky citizens. Phillips and Flannigan are also Kentucky citizens. Best Buy is a limited partnership organized under Virginia law, with its principal place of business in Virginia. Defendants contend that Phillips and Flannigan were fraudulently joined in this action in order to defeat diversity jurisdiction. According to Defendants, because Phillips and Flannigan were fraudulently joined, their citizenship should not be considered in determining whether this court has diversity jurisdiction.

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand [to state court] only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC.*, 176 F.3d 904, 907 (6th Cir.1999) (citation omitted). It is the removing party's burden to demonstrate fraudulent joinder, and any doubts are resolved against removal. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). In order to prove fraudulent joinder, the removing party must show that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.* at 949. If there is any basis on which the plaintiff could prevail against the non-diverse defendant, the court must remand the action. *Id.*

Defendants contend that Plaintiffs cannot prevail on their discrimination claims against Phillips and Flannigan because there is no individual liability for acts of discrimination in violation of the Kentucky Civil Rights Act, KRS Chapter 344. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.

- 3 -

1997). While it is true that individuals generally may not be held personally liable under KRS Chapter 344, individuals may be liable for their own acts of retaliation under KRS 344.280.[1] *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000) ("Though this statement from *Wathen* is generally true, it clearly does not apply to retaliation claims brought under 344.280... [which] forbids retaliation by 'a person.' The Kentucky retaliation statute plainly permits the imposition of liability on individuals."). Plaintiffs assert in their complaint that Phillips and Flannigan discriminated and retaliated against them in their capacity as agents of Best Buy. Plaintiffs, however, also assert that Philllips and Flannigan discriminated and retaliated against them in their individual capacities. Because KRS 344.280 "plainly permits the imposition of liability on individuals" the court finds that there is clearly a basis on which Plaintiffs could prevail on their retaliation claims against Phillips and Flannigan. *See id.*[2] Accordingly, the court does not find that Phillips and Flannigan were fraudulently joined in this action. *See Alexander*, 13 F.3d at 949. This court, therefore, does not have jurisdiction over this action under 28 U.S.C. § 1332(a).

The Class Action Fairness Act provides, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - any member of a class of plaintiff is a citizen different from any defendant...." 28 U.S.C. § 1332(d)(2)(A). The proposed class must include at least one hundred members. 28 U.S.C. § 1332(d)(5)(B). The removing defendant has

---

[1] KRS 344.280 provides, in relevant part:

It shall be an unlawful practice for a person... [t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter....

[2] Because the court finds that a basis exists on which Plaintiffs could prevail on their retaliation claims against Phillips and Flannigan, the court need not consider whether there is a basis on which Plaintiffs could prevail on their defamation claims.

the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met. *Smith v. Nationwide Prop. and Cas. Ins.*, 505 F.3d 401, 404 (6th Cir. 2007).

Plaintiffs' purported class action is based on Philpot and Moriss's claims that they, and all other similarly situated Best Buy female employees at their location were paid less for performing the same work performed by males in violation of KRS 337.423.[3] Defendants have demonstrated by affidavit that the putative class consists of 259 members but have failed to demonstrate, by affidavit or otherwise, that the amount in controversy requirement has been met. Defendants have provided no evidence whatsoever from which the court may conclude that the amount in controversy exceeds the sum or value of $5 million. Accordingly, this court does not find that it has jurisdiction over this action under the Class Action Fairness Act.

Because the court finds that it does not possess jurisdiction over this action, the court will grant Plaintiffs' motion to remand.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' motion to remand (DN 8) is **GRANTED** and this action is **REMANDED** to Bullitt Circuit Court. **IT IS FURTHER ORDERED** that Defendants' motion for judgment on the pleadings (DN 9) is **DENIED** as moot.

**IT IS SO ORDERED** this

---

[3] KRS 337.423 provides, in relevant part:

No employer shall discriminate between employees in the same establishment on the basis of sex, by paying wages to any employee in any occupation in this state at a rate less than the rate at which he pays any employee of the opposite sex for comparable work on jobs which have comparable requirements relating to skill, effort and responsibility....